Vollbracht et al. v. Western Union Tel. Co., 219 Ill. App. 563.

# William Vollbracht and A. M. Omer, trading as William & H. F. Vollbracht, Appellants, v. Western Union Telegraph Company, Appellee.

1. TENDER, § 20*—*how tender must be proved.* Admission of testimony by the clerk of court that "five dollars and cost was put up as a tender" was improper in the absence of evidence of a tender having been made to either of plaintiffs or their attorneys and in the absence of showing as to the amount of cost "put up."

2. TENDER, § 20*—*what is proper evidence of tender.* Tender may be shown by evidence of an offer to a party or his attorney, either before or after the commencement of suit, and the bringing of the amount into court.

3. EVIDENCE, § 304*—*what is necessary to introduce letters in evidence.* Admission in evidence at the trial in question, of a number of telegrams and letters which had been produced at the taking of a deposition, was improper without further proof although a large number had no relation to the shipment in question, and no one testified to having written any of them to plaintiffs.

4. EVIDENCE, § 304*—*when identification of letter is essential.* A letter set forth in a special plea in a suit against a telegraph company to recover damages sustained through an error in using the word "ten" instead of "one," in stating the time of delivery of seed in a telegram, was improperly admitted in the absence of proof of its having been sent, and therefore that part of the plea setting up negligence of plaintiffs in discovering such letter which would have put plaintiffs on notice of the error, was not supported.

5. TELEGRAPHS AND TELEPHONES, § 38*—*what instruction as to evidence is erroneous.* Where in a suit against a telegraph company for damages caused through error in using the word "ten" instead of "one," in stating the time of delivery of seed in a telegram, the defendant claimed that the seed was refused because of plaintiffs' refusal to permit an inspection, a special finding by the jury that the seed was refused because of the refusal of leave to inspect before payment was wrong, where there was insufficient evidence on which to base it.

6. TELEGRAPHS AND TELEPHONES, § 39*—*when submission of question to jury is erroneous.* Where in a suit against a telegraph company for damages caused through error in using the word "ten" instead of "one" in stating the time of delivery of seed in a telegram, there were various defenses, a special interrogatory asking

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

whether the consignees waived their right to refuse the seed because the same was not delivered in one day as stated in the telegram, presented a question of law and should not have been submitted to the jury.

7. TELEGRAPHS AND TELEPHONES, § 32*—*what evidence of damages is proper.* The refusal to admit evidence of the amount paid for the expense of a trip by one of the plaintiffs was error in an action against a telegraph company for damages resulting from a mistake in a telegram in using the word "ten" instead of "one" in stating the time of delivery of seed, where it was shown that said plaintiff, after learning of the refusal to fulfil the contract, went to defendant to ascertain the wording of the telegram, and upon defendant's failure or refusal to give the desired information, made the trip in question and, upon learning of the error, immediately began to try to sell the seed and succeeded in doing so at a loss.

Appeal from the Circuit Court of Adams county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed October 27, 1920.

HUBBARD & GROVES, for appellants.

JOHN E. WALL, for appellee.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

Appellants are engaged in business at Camp Point, Illinois, a part of which is buying and selling seed. John J. Buffington & Company are in the wholesale seed business at Baltimore, Maryland. Sales of seed were made, by the former to the latter, by means of offers and acceptances by exchange of telegrams.

On August 14, 1912, appellants delivered to appellee, for transmission, the following telegram:

"John J. Buffington & Co., Baltimore, Md. Message received—cannot accept your bid—will take five dollars hundred our track—two hundred fifty bags—ten days shipment—like sample of other car—wire instant acceptance—will wait until noon August fifteenth—

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

market looks higher in the west owing to wet weather. Wm. & H. F. Vollbracht.''

The message was transmitted and when delivered, to the firm to which it was addressed, read ''one days shipment'' instead of ''ten days shipment.''

On receipt of this telegram, John J. Buffington & Company replied by wire, saying:

''Your wire received. We accept. Ship Baltimore and Ohio Railroad.''

Assuming that they had made a sale of two hundred and fifty bags of timothy seed at five dollars a hundred pounds to be shipped within ten days to John J. Buffington & Company, appellants made a shipment of that number of bags of such seed weighing thirty-three thousand eight hundred and seventy-five pounds within that time. The consignees did not accept the timothy seed, appellants sustained a loss by reason thereof, and this suit was brought to recover such loss.

The declaration contains two counts charging, in substance, that appellee was employed by appellants to transmit a telegram from Camp Point, Illinois, to John J. Buffington & Company, Baltimore, Maryland, for the sale of timothy seed, consisting of two hundred and fifty bags at five dollars a hundred pounds, f. o. b. Camp Point, on ten days' shipment, but by mistake of the telegraph company, the telegram was caused to read ''one day'' shipment, and appellants thereby lost the difference between the market value, after a serious decline, when they learned of said mistake, and what would have been the contract price if said mistake had not prevented a contract between John J. Buffington & Company and appellants; and also loss and expense of one of appellants' firm in necessary travel to Baltimore to ascertain what the trouble was in reference to the sale of the seed.

To the declaration a plea of general issue was filed, together with a special plea, stating that the appellants ought not to recover more than nominal damages because John J. Buffington & Company, on the receipt of

said (appellants') telegram, believing that a mistake had been made in the offer and proposition contained therein providing for shipment in one day, immediately executed a letter in words and figures following:·

"Baltimore, Md., Aug. 15, 1912. Messrs. Wm. & H. F. Vollbracht, Camp Point, Ill. Gentlemen:—This morning we received your night wire of 14th inst., offering 250 bags of timothy seed at $5.00 per 100 lbs., f. o. b. for shipment in one day, quality like sample of other car for our wire to reach you by noon this date. We wired you this morning accepting the lot of seed, requesting prompt shipment. Hope you will get the seed out promptly. Please let us call attention also to be careful to keep the quality fully up, as it is only on the line of what we must have in quality. Make arrival draft allow inspection against bill of lading.

Yours very truly,

John J. Buffington & Co."

The special plea also alleged that said letter was placed in an envelope, properly stamped and addressed to the appellants, and deposited in the post office at Baltimore, Maryland; that it was duly received by the appellants and read by an agent and employee of the appellants duly authorized to open mail; and notwithstanding the receipt of said letter, appellants negligently failed to read the same or give proper attention and negligently failed to reply and without the exercise of reasonable care to ascertain its purport, failed to discover said mistake of the appellee; that if appellants had exercised reasonable care, they would have discovered before shipping the seed in controversy, that the telegram delivered to John J. Buffington & Company, at Baltimore, Maryland, was not the telegram delivered by the appellants to appellee at Camp Point, Illinois, and did not submit to John J. Buffington & Company, the proposition or offer appellants intended to submit by their said telegram, but on the contrary, submitted an entirely different proposition, to wit: An offer to ship such seed in one day instead

of ten days, and solely by reason of the negligence of the appellants they failed to discover said mistake before purchasing and shipping such seed, and well knowing the premises, the appellants, nevertheless, more than eight days and after the receipt of said letter and reading the same, procured said seed designated in said proposition and shipped the same by freight to John J. Buffington & Company, who first placed their refusal to accept said seed upon the ground they were denied by the appellants the right to inspect the same, but afterwards placed such refusal on the ground that the said seed was not shipped in the time stated in the telegram received by them; that appellants were not compelled to deliver said seed to John J. Buffington & Company, and that the same was purely voluntary, and that the loss or damage resulting by reason of such shipment must be borne by appellants.

Appellants filed a replication to the special plea, in which they denied receiving the letter in question.

The court submitted to the jury three special interrogatories asking (1) if appellants, before shipping the seed in controversy, received the letter dated August 15, 1912; (2) did John J. Buffington & Company refuse to receive the seed designated in the telegram in question because appellants would not permit them to inspect it before paying for it; and (3) did John J. Buffington & Company waive their right to refuse the seed because the same was not delivered in one day as stated in the telegram in controversy. The jury answered each of these questions in the affirmative, and returned a verdict finding appellee not guilty. The court rendered judgment in favor of appellee for its cost, in excess of those tendered by it, and ordered that appellants have leave to withdraw the sum of five dollars of the amount tendered.

No evidence was offered of any tender having been made to either of appellants, or to one of their attor-

568     APPELLATE COURTS OF ILLINOIS.

Vollbracht et al. v. Western Union Tel. Co., 219 Ill. App. 563.

neys, either before or after the commencement of the suit, and of bringing an amount tendered into court, which should have been done in order to constitute a tender. All that is shown by the record, in reference to a tender, is that on the trial it was agreed that the record might show that the clerk testified, over the objection of appellants, ''that five dollars and cost were put up as a tender.'' Nothing is said about the amount of cost ''put up.'' Appellants' objection to the admission of the testimony of ''the clerk'' should have been sustained in the absence of evidence of a tender having been made, together with the amount thereof, to the appellants, their attorneys or some one of them, and of the amount tendered having been brought into court. The instructions, given on the subject of tender, should have been refused.

The deposition of John J. Buffington was taken, by appellants, and on cross-examination he was asked to produce all correspondence relating to the shipment in question from August 14, 1912, to September 12, 1912, and in response to such request produced a number of telegrams, letters (originals and copies) which he said had been handed him by his employees. All of the letters and telegrams, without further proof, were admitted in evidence on the trial, notwithstanding the fact that a large number of them had no reference whatever to the car of seed in controversy but related to other shipments; that no one testified to having written or sent, to appellants, any of them; that they were irrelevant, immaterial and could serve no purpose other than to confuse the jury and render obscure the issue being tried.

William Vollbracht was on cross-examination shown the letter set out in the additional plea, and testified that he did not know whether he received it or not; that the first communication received from John J. Buffington & Company in reference to the car in controversy, after the telegram accepting the offer made

them by appellants, was on September 10; that they got no letters—just telegrams.

There was no evidence tending to support that part of the additional plea in regard to appellants' negligence in discovering that appellee had made a mistake, other than this letter which the court erred in admitting. It was also error to give appellee's instructions numbered twelve, thirteen, fourteen, fifteen and sixteen, for the reason that there was no evidence upon which to base either of them, and the first interrogatory should not have been submitted to the jury for a like reason. John J. Buffington testified that he refused to receive the car of seed for the reason that it had not been shipped in time; that when the car arrived "we did not refuse to pay the draft. We wired for permission to sample the seed"; that they delayed payment of the draft for a considerable time until allowed to sample or inspect the seed. Appellants denied the right of inspection and a sale was subsequently made of the seed to John J. Buffington & Company without an inspection having been made. Buffington testified that it was inspected after he bought it. Under this evidence the jury, by their answer to the second interrogatory, found that John J. Buffington & Company refused to receive the seed because appellants would not permit them to inspect it before paying for it. There was insufficient evidence upon which to base this interrogatory. The answer to it was clearly wrong. Instructions twenty-one and twenty-two, in regard to the refusal of the seed, should not have been given.

The fourth interrogatory presented a question of law and should not have been submitted to the jury.

The evidence shows that after receiving a telegram from John J. Buffington & Company, that appellants had not fulfilled their contract, William Vollbracht went to the agent of appellee at Camp Point, and asked him for a service message in order to ascertain

the wording of the telegram when it was delivered. He applied several times for this information, but the agent failed or refused to furnish it, and after waiting three or four days, trying to get some information through appellee, William Vollbracht went from Camp Point to Baltimore to learn what the trouble was. After getting to Baltimore he saw the telegram as it had been delivered to the addressees with the error in it, and immediately began to try to make a sale of the seed, and succeeded in so doing at four dollars and twenty cents a hundred pounds.

Appellants offered to show, on the trial of the case, that the actual railroad fare and hotel expenses necessitated by the trip to Baltimore were forty-nine dollars and fifty cents. The admission of this evidence was refused. Appellee by a mistake in transmitting the telegram and its subsequent conduct rendered it necessary for one of appellants to go to Baltimore, and we know of no reason why, as the damages are specially laid in the declaration, they should not be recoverable. If it be suggested that appellants could have obtained a knowledge of the contents of the telegram by a less expensive means than by going to Baltimore in person, by telegraphing John J. Buffington & Company to repeat the message as received by them, it should be remembered that appellee was bound to use reasonable efforts to save itself and appellants from loss (*Western Union Tel. Co. v. Hart*, 62 Ill. App. 120, 124), and might have done so by furnishing the information requested.

For the errors above indicated the judgment rendered in the circuit court is reversed and this cause remanded.

*Reversed and remanded.*